FILED

2013 OCT 11 PM 4:01

CLERK U.S. DISTRICT COURT CENTRAL DIST. OF CALIF. LOS ANGELES

BY

**LAQUER, URBAN, CLIFFORD & HODGE LLP**
J. Paul Moorhead, Esq., State Bar No. 240029
Email: moorhead@luch.com
225 South Lake Avenue, Suite 200
Pasadena, California 91101-3030
Telephone: (626) 449-1882
Facsimile: (626) 449-1958

Counsel for Plaintiffs, Trustees of the Southern California IBEW-NECA Pension Plan, et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN; TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND; TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE; CONTRACT COMPLIANCE FUND; and LOS ANGELES ELECTRICAL WORKERS CREDIT UNION,<br><br>Plaintiffs,<br><br>vs.<br><br>R. L. DOUGLASS ELECTRIC, INC., a California corporation,<br><br>Defendant. | SACV13 CASE NO. 1596 CJC (ANx)<br><br>**COMPLAINT:**<br><br>**1. FOR BREACH OF WRITTEN COLLECTIVE BARGAINING AGREEMENTS AND RELATED TRUST AGREEMENTS;**<br><br>**2. FOR VIOLATION OF SECTION 515 OF ERISA.** |

Plaintiffs complain and allege as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this case pursuant to Section 502(e)(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") [29 U.S.C.

§ 1132(e)(1)], which grants the United States District Courts jurisdiction over civil actions brought by a fiduciary pursuant to Section 502(a)(3) of ERISA [29 U.S.C. § 1132(a)(3)] to redress violations or enforce the terms of ERISA or an employee benefit plan governed by ERISA. Such jurisdiction exists without respect to the amount in controversy or the citizenship of the parties, as provided in Section 502(f) of ERISA [29 U.S.C. § 1132(f)].

2. This Court also has jurisdiction of this case pursuant to Section 301(a) of the Labor Management Relations Act of 1947, as amended ("LMRA") [29 U.S.C. § 185(a)], which grants the United States original jurisdiction over suits for violation of contracts between an employer and a labor organization in an industry affecting commerce, without respect to the amount in controversy or the citizenship of the parties.

3. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA [29 U.S.C. § 1132(e)(2)], and Section 301(a) of the LMRA [29 U.S.C. § 185(a)], in that this is the district in which the Plaintiff Trust Funds are administered, in which the relevant acts took place, and in which moneys are due and payable.

4. To the extent this Complaint sets forth any state law claims, this Court has supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367(a).

**PARTIES**

5. Plaintiffs Trustees of the Southern California IBEW-NECA Pension Plan, Trustees of the Southern California IBEW-NECA Health Trust Fund, Trustees of the Los Angeles County Electrical Educational and Training Trust Fund, Trustees of the National Electrical Benefit Fund ("NEBF") and Trustees of the Southern California IBEW-NECA Labor-Management Cooperation Committee ("LMCC") are the Trustees of express trusts created pursuant to written Declarations of Trust ("Trust Agreements"). Except for the NEBF, the Declarations of Trust are between various local unions of the International Brotherhood of Electrical Workers ("IBEW") and various chapters of the National Electrical Contractors Association ("NECA"), an employer association in the Southern California electrical industry. For the NEBF, the agreements are between the

National Union of IBEW and the National NECA. These trusts are now, and were at all times material to this action, Labor-Management multiemployer trusts created and maintained pursuant to Section 302(c)(5) of the LMRA [29 U.S.C. § 186(c)(5)], except for the LMCC, which is a trust created and maintained pursuant to the Labor-Management Relations Act of 1947, as amended, and the Labor-Management Cooperation Act of 1975. Plaintiffs, as Trustees of the express trusts (except for the Trustees of the LMCC, are "fiduciar[ies]" with respect to the trusts as defined in Section 3(21)(A) of ERISA [29 U.S.C. § 1002(21)(A)]. The trusts are administered by the Trustees of the trusts in Los Angeles County. Plaintiff Contract Compliance Fund is administered by NECA and collects industry advancement funds pursuant to various collective bargaining agreements entered into by various local unions of the IBEW and various chapters of NECA. Plaintiff Los Angeles Electrical Workers Credit Union is a state chartered credit union that collects employee authorized vacation payments pursuant to collective bargaining agreements entered into by Local 11 of the IBEW ("Local 11"). Collectively, all Plaintiffs are referred to herein as the "Plaintiffs."

6. Plaintiffs are informed and believe, and thereon allege, that at all times material herein, Defendant R. L. Douglass Electric, Inc. ("RL Douglass") is and has been a California corporation, with its principal place of business in Orange County California.

**BARGAINING AGREEMENTS AND STATUS OF PARTIES**

7. On June 1, 1989, RL Douglass signed a Letter of Assent to the Inside Wiremen's Agreement (the "Local 11 Wiremen's Agreement"), a written collective bargaining agreement entered into by and between the Los Angeles County Chapter of NECA and Local 11. At all times relevant to this action, RL Douglass has been bound to the terms and conditions of the Local 11 Wiremen's Agreement.

8. On June 18, 1984, RL Douglass signed a written Letter of Assent to the Inside Wiremen's Agreement (the "Local 441 Wiremen's Agreement"), a written collective bargaining agreement entered into by and between the Orange County

Chapter of NECA and Local 441. At all times relevant to this action, RL Douglass has been bound to the terms and conditions of the Local 441 Wiremen's Agreement. Collectively, the Local 11 Wiremen's Agreement and the Local 441 Wiremen's Agreement are referred to as the "Master Agreements."

9. Plaintiffs are informed and believe, and thereon allege, that RL Douglass is an "employer" as that term is defined and used in the Master Agreements, the related Trust Agreements and Section 3(5) of ERISA [29 U.S.C. § 1002(5)], and, therefore, RL Douglass is "obligated to make contributions to a multiemployer plan" within the meaning of Section 515 of ERISA [29 U.S.C. § 1145]. Plaintiffs are informed and believe, and thereon allege, that RL Douglass is also an "employer" engaged in "commerce" in an "industry affecting commerce," as those terms are defined and used in Sections 501(1) and 501(3) of the LMRA [29 U.S.C. §§ 142(1)] and 142(3)], and within the meaning and use of Section 301(a) of the LMRA [29 U.S.C. § 185(a)].

**FIRST CLAIM FOR RELIEF**

**(BREACH OF WRITTEN COLLECTIVE BARGAINING**

**AGREEMENTS AND RELATED TRUST AGREEMENTS)**

10. Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 9 above.

11. Plaintiffs are informed and believe, and thereon allege, that by the terms and provisions of the Master Agreements and/or related Trust Agreements, and at all times material herein, RL Douglass agreed, and is and was obligated, to:

A. Prepare and submit true, complete and accurate written monthly contribution reports ("Reports") to the Plaintiffs on a timely basis showing: i) the identities of employees performing work covered by the Master Agreements and/or the related Trust Agreements, ii) the number of hours worked by these employees, iii) the rates of pay, iv) character of hours worked (e.g., straight time, over-time, etc.), and v) based upon the hours worked or amounts paid to employees, the proper calculation of

///

the fringe benefit contributions, benefits and/or withholdings attributable to the same employees.

B. Pay to the Plaintiffs fringe benefit contributions, benefits and/or withholdings on a monthly basis, and at specified rates for each hour worked by applicable employees. These amounts are considered delinquent if not received by the Plaintiffs by a date certain of the month succeeding the month in which the work was performed. These amounts are due and payable at the Plaintiffs' administrative offices in Commerce, California.

C. Permit the Plaintiffs and their agents to conduct audits of payroll and related records in order to determine if fringe benefit contributions and other amounts have been properly paid to the Plaintiffs pursuant to the Master Agreements and/or related Trust Agreements.

12. RL Douglass breached the Master Agreements by submitting Reports to the Plaintiffs for the month of July 2013 without paying all fringe benefit contributions related to the Reports. Based on the July 2013 Reports, RL Douglass owes the Plaintiffs at least $92,258.62 for contributions.

13. RL Douglass also breached the Master Agreement by failing to submit Reports to the Plaintiffs for the month of August 2013, and by failing to pay the Plaintiffs the fringe benefit contributions based on work performed by its employees during the month of August 2013.

14. Plaintiffs are informed and believe, and thereon allege, that RL Douglass owes, but has failed to pay additional amounts of contributions not presently known to the Plaintiffs, to be established by proof.

15. As of the date of filing this Complaint, RL Douglass is "delinquent," as that term is used in the Master Agreements and/or related Trust Agreements.

16. Pursuant to the Master Agreements, related Trust Agreements and/or Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], RL Douglass is obligated to pay to the Plaintiffs liquidated damages for the detriment caused by the failure to pay fringe

benefit contributions owed to Plaintiffs in a timely manner. RL Douglass has continually failed to pay fringe benefit contributions owed to the Plaintiffs in a timely manner. Plaintiffs are informed and believe, and thereon allege, that RL Douglass owes the Plaintiffs liquidated damages in an amount that will be established by proof at the trial herein.

17. Pursuant to the Master Agreements, related Trust Agreements and/or Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], RL Douglass owes the Plaintiffs interest on all untimely and/or unpaid fringe benefit contributions from the dates the sums were originally due to the Plaintiffs to the date of payment and/or judgment. The amount of interest will be established by proof at trial.

18. Pursuant to the Master Agreements, related Trust Agreements and/or Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], RL Douglass is obligated to pay all legal and auditing costs in connection with any delinquency, whether incurred before or after litigation is or was commenced. The amount of legal and auditing costs will be established by proof at trial.

19. It has been necessary for the Plaintiffs to engage legal counsel and incur costs for the purpose of collecting said contributions and other amounts, and the Plaintiffs are entitled to their reasonable attorneys' fees in connection therewith. Plaintiffs may also incur audit costs in connection with RL Douglass' delinquency. The exact amount of the legal fees and costs due and payable, and any audit costs that may be incurred, has not been ascertained at this time. These amounts shall be established by proof at trial.

20. Pursuant to Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], the Court may grant such other legal or equitable relief as the Court deems appropriate. As part of Plaintiffs' judgment, Plaintiffs request the Court to:

A. Order RL Douglass, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreements and related Trust Agreements, and identify all

property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to the Plaintiffs;

B. Order RL Douglass, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of the Plaintiffs, in an amount determined by the Court to be appropriate;

C. Order the creation of a constructive trust for the full amount determined to be due the Plaintiffs on all applicable property of RL Douglass, and order the transfer of the applicable property to the Plaintiffs; and

D. Order RL Douglass, its representatives, agents and associates, to pay to the Plaintiffs all amounts due the Plaintiffs, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

21. Plaintiffs are also seeking injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

A. Ordering RL Douglass to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to the Plaintiffs on an ongoing basis;

B. Enjoining RL Douglass from continuing to violate its duties under ERISA (by failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to the Plaintiffs on an ongoing basis);

C. Enjoining RL Douglass from employing employees covered by the Master Agreements and related Trust Agreements without properly reporting and remitting to the Plaintiffs the amounts owed to the Plaintiffs pursuant to those agreements; and

D. Ordering RL Douglass to permit Plaintiffs' auditor access to the wage and payroll books and records of RL Douglass in order to permit Plaintiffs to verify the precise amounts owed by RL Douglass to the Plaintiffs.

**SECOND CLAIM FOR RELIEF**

**(VIOLATION OF SECTION 515 OF ERISA)**

22. Plaintiffs hereby refer to, and incorporate herein by reference, paragraphs 1 through 21, inclusive of sub-paragraphs, above.

23. Section 515 of ERISA [29 U.S.C. § 1145], provides "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

24. RL Douglass is an "employer" as defined and used in Section 3(5) of ERISA [29 U.S.C. § 1002(5)], and is "obligated to make contributions to a multiemployer plan" within the meaning and use of Section 515 of ERISA [29 U.S.C. § 1145].

25. Plaintiffs are informed and believe, and thereon allege, that RL Douglass violated its statutory mandated obligation to timely pay fringe benefit contributions and other amounts to the Plaintiffs. Plaintiffs are informed and believe, and thereon allege, that there is due and payable from RL Douglass the fringe benefit contributions and other amounts set forth in paragraphs 12 through 14 above.

26. RL Douglass failed to timely cure its violation, and has since continued to violate its statutory obligations.

27. Pursuant to Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], in any action by a fiduciary in which judgment is found in favor of the plan, the Court shall award the plan: (i) the unpaid contributions, (ii) interest on the unpaid contributions, (iii) an amount equal to the greater of, (a) interest on the unpaid contributions or (b) liquidated damages provided for under the Plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the Court to be unpaid contributions, (iv) reasonable attorneys' fees and costs, and (v) such other legal or equitable relief as the Court deems appropriate. For

purposes of Section 502(g)(2) of ERISA [29 U.S.C. § 1132(g)(2)], interest on unpaid contributions shall be determined by using the rate provided under the Plan or, if none, the rate prescribed under Section 6621 of the Internal Revenue Code of 1986, as amended [26 U.S.C. § 6621]. The exact amount of the unpaid contributions, benefits, withholdings, damages, reasonable attorneys' fees, court costs, interest, liquidated damages and other expenses allowed by federal statute and owed by RL Douglass to the Plaintiffs has not been ascertained at this time. These amounts shall be established by proof at the time of trial.

28. As part of Plaintiffs' judgment, Plaintiffs shall also request the relief set forth in paragraphs 20 and 21, inclusive of sub-paragraphs, above.

**PRAYER**

WHEREFORE, Plaintiffs pray for judgment as follows:

1. For unpaid fringe benefit contributions in amounts as proved;

2. For liquidated damages in amounts as proved;

3. For interest at the applicable rate on all amounts due from their respective due dates and thereafter post-judgment;

4. For reasonable attorneys' fees;

5. For costs of suit incurred herein;

6. For such additional relief as this Court deems just and proper, including, but not limited to, the following:

A. An Order directing RL Douglass, its representatives, agents and associates, to provide a full and complete accounting for, and tracing the use of, all unpaid amounts owed pursuant to the Master Agreements and Trust Agreements, and identify all property, real or personal, tangible or intangible, that are the profits from the unpaid amounts, whether in whole or in part, of the use of any sums owed to Plaintiffs;

B. An Order directing RL Douglass, its representatives, agents and associates, to post and deliver either a good faith deposit, or a performance bond issued in favor of Plaintiffs, in an amount determined by the Court to be appropriate;

C. An Order for the creation of a constructive trust for the full amount determined to be due to Plaintiffs on all applicable property of RL Douglass, and an Order for the transfer of the applicable property to the Plaintiffs; and

D. An Order directing RL Douglass, its representatives, agents and associates, to pay to Plaintiffs all amounts due Plaintiffs, including, but not limited to, the unpaid contributions, benefits, withholdings, damages, legal fees, audit fees and other expenses and damages incurred.

7. For injunctive relief, including but not limited to a Temporary Restraining Order, Preliminary Injunction and/or Permanent Injunction:

A. Ordering RL Douglass to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts owed to Plaintiffs on an ongoing basis;

B. Enjoining RL Douglass from continuing to violate its duties under ERISA (by failing to submit the required monthly contribution reports and remit the appropriate fringe benefit contributions and other amounts due to Plaintiffs on an ongoing basis);

C. Enjoining RL Douglass from employing employees covered under the Master Agreements and related Trust Agreements without properly reporting and remitting Plaintiffs the amounts owed to Plaintiffs pursuant to those agreements; and

D. Ordering RL Douglass to permit Plaintiffs' auditor access to the wage and payroll books and records of RL Douglass in order to permit Plaintiffs to verify the precise amounts owed by RL Douglass to the Plaintiffs. Said documents would include the following documents: payroll records, certified payroll records, time cards, payroll registers, form 1099's and 1096's, form W-2, W-3, DE-6 and 941 wage and tax statements, general ledger, accounts receivable listings, cash disbursement journals, job cost records, invoices, subcontracts, cash receipts journals, quarterly federal and state payroll tax returns, cancelled checks and check stub registers, inspector logs, shift differential logs, work orders, payroll records for related companies,

employer contributions reports and cancelled checks regarding contributions owed/paid to other trust funds, detailed worker's compensation insurance reports, and any other books and records that may be necessary in order to determine the sums owed by RL Douglass to Plaintiffs.

Dated: October 11, 2013

LAQUER, URBAN, CLIFFORD & HODGE LLP

By: [signature]
J. Paul Moorhead, Attorney for Plaintiffs
Trustees of the Southern California IBEW-NECA Pension Plan, et al.

**WAIVER OF JURY RIGHT**

Dated: October 11, 2013

LAQUER, URBAN, CLIFFORD & HODGE LLP

By: [signature]
J. Paul Moorhead, Attorney for Plaintiffs
Trustees of the Southern California IBEW-NECA Pension Plan, et al.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge Cormac J. Carney and the assigned Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

**SACV13-1596-CJC(ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

October 11, 2013
Date

By C. Sawyer
Deputy Clerk

---

## NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

- [ ] Western Division
  312 N. Spring Street, G-8
  Los Angeles, CA 90012
- [x] Southern Division
  411 West Fourth St., Ste 1053
  Santa Ana, CA 92701
- [ ] Eastern Division
  3470 Twelfth Street, Room 134
  Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA PENSION PLAN, [SEE ATTACHMENT]

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

R.L. DOUGLASS ELECTRIC, INC., a California corporation

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

J. Paul Moorhead, SBN 240029 Tel: (626) 449-1882
Laquer, Urban, Clifford & Hodge LLP
225 South Lake Avenue, Suite 200
Pasadena, CA 91101-3030

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding ☐ 2. Removed from State Court ☐ 3. Remanded from Appellate Court ☐ 4. Reinstated or Reopened ☐ 5. Transferred from Another District (Specify) ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☒ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No ☒ **MONEY DEMANDED IN COMPLAINT:** $ Over $92,259.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. 185, 29 U.S.C. 1145 - Defendants breached a written collective bargaining agreement to the detriment of Plaintiffs and violated ERISA.

**VII. NATURE OF SUIT** (Place an X in one box only).

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/Etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Org.
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Info. Act
☐ 896 Arbitration
☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.)
☐ 153 Recovery of Overpayment of Vet. Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment

**REAL PROPERTY CONT.**
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL PROPERTY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpratice
☐ 365 Personal Injury-Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accomodations
☐ 445 American with Disabilities-Employment
☐ 446 American with Disabilities-Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty

**Other:**
☐ 540 Mandamus/Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee Conditions of Confinement

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☒ 791 Employee Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405 (g))
☐ 864 SSID Title XVI
☐ 865 RSI (405 (g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: SACV13-1596

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no, " go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | ☐ Los Angeles | Western |
| If "no, " go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column C

☒ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. →

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ↓

Your case will initially be assigned to the WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: → | SOUTHERN DIVISION |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ NO ☐ YES

If yes, list case number(s): ____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☒ NO ☐ YES

If yes, list case number(s): ____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)

☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** [signature] DATE: October 11, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**ATTACHMENT TO CIVIL COVER SHEET**

TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA HEALTH TRUST FUND; TRUSTEES OF THE LOS ANGELES COUNTY ELECTRICAL EDUCATIONAL AND TRAINING TRUST FUND; TRUSTEES OF THE NATIONAL ELECTRICAL BENEFIT FUND; TRUSTEES OF THE SOUTHERN CALIFORNIA IBEW-NECA LABOR-MANAGEMENT COOPERATION COMMITTEE; CONTRACT COMPLIANCE FUND; and LOS ANGELES ELECTRICAL WORKERS CREDIT UNION,

Plaintiffs